■ In the Matter of Town of East Hampton, Respondent, v Thomas Jorling, as Commissioner of the Department of Environmental Conservation, et al., Appellants. (Proceeding No. 1.) In the Matter of Town of Riverhead, Respondent, v Department of Environmental Conservation of the State of New York, Appellant. (Proceeding No. 2.) In the Matter of Town of Southold, Respondent, v Department of Environ-

MENTAL CONSERVATION OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 3.)—In three proceedings pursuant to CPLR article 78 to review administrative orders of the Department of Environmental Conservation, all dated September 4, 1991, which, *inter alia,* mandated the closure of landfills in Nassau and Suffolk Counties, the appeals, by permission, are from three orders of the Supreme Court, Suffolk County (Jones, J.), all dated September 19, 1991, which granted the petitioners' applications for stays of enforcement of the administrative orders pursuant to CPLR 7805.

Ordered that the orders are affirmed, without costs or disbursements.

The petitioner Towns commenced these three proceedings pursuant to CPLR article 78 to review administrative enforcement orders of the Department of Environmental Conservation (hereinafter DEC) to close landfills in the Towns which were found to be in violation of the Long Island Landfill Law (ECL 27-0704 [5]). Previously, the Towns had brought an action for a declaratory judgment and for injunctive relief challenging, *inter alia,* the constitutionality of that law. In that action, when we affirmed the denial of a preliminary injunction we explicitly stated, "review pursuant to CPLR article 78 will be available if necessary when the DEC does take action to close the landfills in question. In the meantime, an expeditious trial of the merits of the constitutional issues raised by the Towns should be had" *(Town of E. Hampton v Cuomo,* 172 AD2d 657).

Since that trial has not yet occurred, and given the possibility of irreparable injury to the Towns if the DEC were permitted to proceed with enforcement, the court did not improvidently exercise its discretion in granting the stays in question *(see,* CPLR 7805). The State's arguments concerning the merits of the Towns' underlying claims are not properly before the court and are not ripe for review. As we did in *Town of E. Hampton v Cuomo (supra),* given the possible irreparable damage to all the Towns because of further delay, we encourage an expeditious conclusion to that litigation.

Finally, we are aware that the Supreme Court, Suffolk County, recently determined that any disposition of these proceedings pursuant to CPLR article 78 must await the resolution of the related action challenging the constitutionality of the Long Island Landfill Law. However, we decline to dismiss the instant appeals on the ground that they thereby have been rendered academic. In view of the likelihood that

the issues raised herein would be repeated in any appeal from the Supreme Court's latest determinations in these proceedings, we have elected to dispose of the instant appeals on the merits in the interest of judicial economy. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.